IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOMINIC BARKLEY,**

    **Petitioner,**                             **CASE NO. 2:10-CV-1182**
                                          **JUDGE ALGENON L. MARBLEY**
    **v.**                                        **Magistrate Judge E.A. Preston Deavers**

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Return of Writ,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts of this case as follows:

> Barkley broke into a motel room occupied by Kevin Clark and Eve Lauber. Barkley was armed with a firearm. He fought with Clark, who attempted to take the gun away. Barkley ordered the two victims to sit down, and then he used duct tape to restrain them. Barkley stole their credit cards and cash. He also eventually stole their car.
>
> The two victims were restrained only briefly. They were held duct-taped to chairs for approximately 45 minutes while Barkley apparently waited for a ride from another person. When no one else showed up, Barkley used their car to flee. He left them still duct-taped to their chairs.

*State v. Barkley,* 185 Ohio App.3d 686, 688 (Ohio App. 10th Dist. 2009). On May 14, 2008, after a trial to the court, Petitioner was found guilty of two counts of aggravated robbery, two counts of kidnapping, two counts of failure to comply with an order or signal of a police officer, one count of

carrying a concealed weapon, and one count of improperly handling firearms in a motor vehicle, with firearm specifications. The trial court imposed an aggregate term of fifteen and ½ years incarceration. *See Exhibits 2, 3 to Return of Writ.* Petitioner filed a timely appeal, in which he raised the following assignments of error:

> ASSIGNMENT OF ERROR I:
>
> The trial court committed plain error by convicting and sentencing Mr. Kimbrough [sic] to separate, concurrent sentences on his two offenses, after it had already determined that they were allied offenses. That error contravened clearly established law under R.C. 2941.25(A), longstanding precedent, and Mr. Kimbrough's [sic] state and federal constitutional rights regarding due process and double jeopardy.
>
> ASSIGNMENT OF ERROR II:
>
> The trial court erred by imposing court costs without notifying Mr. Barkley that failure to pay court costs may result in the court's ordering him to perform community service.
>
> ASSIGNMENT OF ERROR III:
>
> An indictment for a count of aggravated robbery under R.C. 2911.01(A)(1) must contain the mens rea of recklessness with regard to the element of either displaying, brandishing, indicating the possession of, or using a deadly weapon.

*See id.* On October 20, 2009, the appellate court affirmed the judgment of the trial court. *Id.* On February 10, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Barkley*, 124 Ohio St.3d 1477 (2010).

On December 30, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that his convictions violate the Double Jeopardy Clause, as they constitute allied offenses based on one act, and that the indictment was structurally defective, depriving him of the right to notice of the charges against him, by failing to include the

required mens rea of "recklessness" on the charges of aggravated robbery. *See Petition*. It is the position of the Respondent that these claims are waived or without merit.

## CLAIM ONE

In claim one, Petitioner asserts that his convictions violate the Double Jeopardy Clause. Respondent preliminarily contends that Petitioner failed to fairly present this same federal issue to the state courts because he argued his claim under Ohio's statutes on allied offenses of similar import. This Court, however, has previously rejected this same argument, noting that Ohio's statute on allied offenses, O.R.C. 2941.25, as defined by the Ohio Supreme Court in *State v. Rance*, 85 Ohio St.3d 632 (1999), is derived from concerns of the Double Jeopardy Clause. *See, e.g. Spence v. Sheets,* 675 F.Supp.2d 792 (S.D. Ohio 2009)*; Helton v. Jeffreys*, No.2:06-cv-558, 2007 WL 1100428, at *4-5 (S.D. Ohio April 10, 2007)(citing *Palmer v. Haviland,* No.C-1-04-28, 2006 WL 1308219 (S.D. Ohio May 11, 2006). This Court therefore likewise concludes that Petitioner has fairly presented his federal double jeopardy claim to the Ohio courts.

The state appellate court rejected Petitioner's claim, reasoning as follows:

> Barkley argues that Barkley was convicted of allied offenses of similar import in violation of R.C. 2941.25(A), which reads:
>
>> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> Specifically, counsel asserts that Barkley should not have been convicted of both aggravated robbery and kidnapping with respect to each of the two victims. . . .
>
> * * *
>
> Barkley broke into a motel room occupied by Kevin Clark and Eve

3

Lauber. Barkley was armed with a firearm. He fought with Clark, who attempted to take the gun away. Barkley ordered the two victims to sit down, and then he used duct tape to restrain them. Barkley stole their credit cards and cash. He also eventually stole their car.

The two victims were restrained only briefly. They were held duct-taped to chairs for approximately 45 minutes while Barkley apparently waited for a ride from another person. When no one else showed up, Barkley used their car to flee. He left them still duct-taped to their chairs.

Kidnapping is defined by R.C. 2905.01(A)(2) and (3) as follows:

> No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
>
> * * *
>
> (2) To facilitate the commission of any felony or flight thereafter;
>
> (3) To terrorize, or to inflict serious physical harm on the victim or another.

Aggravated robbery is defined by R.C. 2911.01(A)(1) and (2):

> No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
>
> (2) Have a dangerous ordnance on or about the offender's person or under the offender's control.

(Emphasis added.)

> In many situations, the statutes overlap to a significant degree. It is very difficult to rob someone without at least briefly restraining them of their liberty. As a result, the Supreme Court of Ohio held in *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, that the offenses can be allied offenses of similar import. However, *Winn* does not stand for the principle that the two offenses are automatically allied offenses of similar import, especially when, as here, the restraint is lengthy and continues after the aggravated robbery is completed. Thus, the Supreme Court directed the following analysis:
>
>> " 'In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.' "
>
> (Emphasis sic.) *Id.,* quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 19, quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.
>
> Technically, Barkley was guilty of several robberies, not just the two for which he was convicted. The theft of the credit cards and cash had occurred before Barkley stole the car. The restraint continued long after the first theft. Barkley's case simply does not present a situation in which allied offenses of similar import have occurred. The trial court was correct to convict Barkley of both kidnapping and aggravated robbery as to each victim. R.C. 2941.25(A) did not compel a different result.

*State v. Barkley,* 185 Ohio App. 3d at 687-89.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas

5

> corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has explained:

> "[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*, at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." *Id.*, at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) ( per curiam ).

*Renico v. Lett*, – U.S. –, 130 S.Ct. 1855,1862 (2010)(footnote omitted.)

> "[C]learly established" law under § 2254(d)(1) consists of "the holdings, as opposed to the dicta, of this Court's" cases. *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of that law involves not just an erroneous or incorrect decision, but an objectively unreasonable one. *Renico v. Lett*, 559 U.S. ----, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010).

*Wong v. Smith*, 131 S.Ct.10 (Mem), 2010 WL 752363, at *2 (Nov. 1, 2010). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, – U.S. –, –, 131 S.Ct. 770, 786 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Petitioner has failed to meet this standard here.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The traditional test for double jeopardy claims is the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (requiring the court to determine whether each charged offense "requires proof of an additional fact which the other does not"). The *Blockburger* test is designed to deal with the situation where closely connected conduct results in multiple charges under separate statutes. Under *Blockburger*, the critical question is whether the multiple charges in reality constitute the same offense. Thus, the *Blockburger* test focuses on whether the statutory elements of the two crimes charged are duplicative. If the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both.

In view of the facts of this case, and applying the test set forth in *Blockburger*, this Court is not persuaded that the state appellate court's conclusion that evidence reflected separate criminal acts due to the prolonged restraint of the movement of the victims and that petitioner's convictions therefore did not violate the Double Jeopardy Clause was unreasonable so as to justify federal habeas corpus relief. 28 U.S.C. § 2254(d), (e); *see Jones v. Baker*, 35 F.3d 566, unpublished, 1994 WL 464191 (6th Cir. August 26, 1994) (no double jeopardy violation where kidnapping not "merely incidental" to aggravated robbery and involved substantial restraint of the victim); *Watkins v. Schotten*, 103 F.3d 132, unpublished, 1996 WL 690159 (6th Cir. Nov. 27, 1996) (no double jeopardy violation on aggravated robbery and kidnapping convictions where the offenses were committed separately with separate animus and since the crimes have separate elements); *McKitrick v. Smith*, 2009 WL 1067321 (N.D. Ohio April 21, 2009) (trial court's finding that petitioner had "separate animi" for robbery and kidnapping is due deference in habeas proceedings and therefore petitioner's convictions did not violate *Blockburger* ).

Claim one is without merit.

## CLAIM TWO

In claim two, Petitioner asserts that his indictment was structurally defective and deprived him of the right to notice of the charges against him, in violation of due process, because the charges on aggravated robbery failed to include the required *mens rea* of recklessness. Respondent correctly notes that Petitioner failed to present this claim as a federal constitutional issue to the state appellate court. *See Exhibit 6 to Return of Writ*. Petitioner argued solely that the indictment failed to comply with Ohio law. He did not, however, contend that he was unconstitutionally denied fair notice of the charges against him, or argue that the indictment was otherwise constitutionally defective. *See*

8

*id.*

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v.Harless,* 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir. 1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983)(citing *Harless*, 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993)(citing *Franklin v. Rose*, 811 F. 2s 322, 326 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe,* 735 F.2d 684, 688 (6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz,* 888 F.2d 1097, 1098 (6th Cir. 1989).

Moreover, Petitioner has failed to establish cause for his failure to present claim two to the state courts. He thereby has waived this claim for federal habeas corpus review. To the extent that Petitioner raises an issue regarding the alleged violation of state law, this claim fails to present an

issue appropriate for federal habeas corpus relief.  28 U.S.C. § 2254(a).

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                         **s/ *Elizabeth A. Preston Deavers***
                                                         **Elizabeth A. Preston Deavers**
                                                         **United States Magistrate Judge**

**Date: June 19, 2012**